Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Russell J. Bellinger;<br><br>     Plaintiff,<br><br>v.<br><br>Ryan Rapp & Underwood, P.L.C.;<br><br>     Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover actual damages and statutory damages, together with reasonable attorney's fees and costs.

## II.  JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III.  PARTIES

3. Plaintiff is a natural person who resides in Maricopa County, Arizona.
4. Plaintiff is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Ryan Rapp & Underwood, P.L.C. ("Ryan") is an Arizona professional limited liability company.
7. Ryan is an Arizona law firm with attorneys licensed to practice law in Arizona.
8. A regular part of Ryan's practice consists of collecting or attempting to collect debts which have been assigned to it after default.
9. At all times relevant herein, Ryan meets the definition of a "debt collector" as that term is defined by FDCPA § 1692a(6).

## IV.  Factual Allegations

10. In or about 2006 or 2007, Plaintiff and his wife purchased a 2006 Dodge Caravan for personal, family, or household purposes.

11. The selling dealership prepared a Retail Installment Sales Contract ("RISC"), which included the terms of the sale, and the terms of the loan used to finance the purchase of the Caravan.

12. The RISC and the loan were subsequently assigned to TruWest Credit Union.

13. Plaintiff began making payments to TruWest under the RISC.

14. After a period of time, however, Plaintiff's wife became unable to work.

15. Because they could no longer afford the payments on the Caravan, Plaintiff returned the Caravan to TruWest in or about May 2010.

16. On June 9, 2010, TruWest send a letter to Plaintiff informing him that the Caravan will be sold, and that prior to the sale, he could redeem the Caravan by paying the full amount owed, not just the past-due payments.

17. Thus, no later than June 9, 2010, TruWest accelerated the debt and the statute of limitations on the full obligation began to run.

18. TruWest sold the Caravan in June or July 2010.

19. TruWest sent Plaintiff a letter dated July 2, 2010 stating that the Caravan had been sold, and that a deficiency balance of $15,548.59 was owed.

20. In or about January or February 2017, TruWest assigned the debt to Ryan for collection purposes.

21. On February 9, 2017, Ryan sent a letter through its lawyer Malcolm T. Sloan to Plaintiffs in an attempt to collect the TruWest debt. (A copy of the February 9, 2017 letter is attached hereto as Exhibit A).

22. In the letter, and after stating the verification / validation rights as required under 15 U.S.C. § 1692g, Ryan stated that "This is not to be construed to mean that my client will not bring legal action to collect this indebtedness in the meantime."

23. Ryan also stated in its letter that "If you fail to comply with this demand, further legal action may be instituted. In the event suit is filed, we will seek to recover attorney's fees, interest, and court costs as well as the outstanding principal balance due and owing."

24. In its February 9, 2017 letter, Ryan threatened Plaintiff with legal action.

25. At the time Ryan mailed the February 9, 2017 letter to Plaintiff, the debt owed to TruWest was stale and past the applicable statute of limitations.

26. At the time the February 9, 2017 letter was mailed to Plaintiff, Ryan had no intent in filing suit against Plaintiff to collect the TruWest debt.

27. Upon information and belief, at the time Ryan mailed the February 9, 2017 letter to Plaintiff, Ryan did not have authority from TruWest to institute legal action against Plaintiff to collect the deficiency balance.

28. Upon receipt of the February 9, 2017 letter, Plaintiff contacted Mr. Sloan by email and requested proof of the debt.

29. On February 20, 2017, Mr. Sloan responded to Plaintiff's request, and sent Plaintiff an email along with two attachments.

30. The first attachment included copies of letters sent by TruWest to

- 4 -

Plaintiff and his wife in June and July 2010 concerning the repossession and sale of the Caravan.

31. The Second attachment was a document titled "Claim Total Report," which appears to have been created by Ryan, showing a balance owing of $10,069.18.

32. In the body of the email, Mr. Sloan stated "Mr. Bellinger – per your request. The claim amount does not include attorney's fees and court costs."

33. In its February 20, 2017 email, Ryan threatened Plaintiff with legal action.

34. At the time the email was sent, Ryan had not filed suit against Plaintiff to collect the alleged deficiency balance.

35. At the time the email was sent, the debt owed to TruWest was stale and past the applicable statute of limitations.

36. At the time the email was sent, Ryan had no intent in filing legal action against Plaintiff to collect the TruWest debt.

37. Upon information and belief, at the time the email was sent, Ryan did not have authority from TruWest to institute legal action against Plaintiff to collect the deficiency balance.

38. Upon information and belief, Ryan knew at the time it sent its letter and email to Plaintiff that the TruWest deficiency balance was past the statute of limitations and time-barred from legal action.

39. As a result of Defendant's actions as outlined above, Plaintiff has suffered actual damages including, but not limited to, emotional

1 distress, anxiety, worry, invasion of privacy, and other extreme emotional distress.

40. Defendant's actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights, and part of Defendant's persistent and routine practice of debt collection.

41. In the alternative, Defendant's actions were negligent.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

42. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

43. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

44. As a direct result and proximate cause of Defendant's actions taken in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

    a) Actual damages under the FDCPA;
    b) Statutory damages under the FDCPA;
    c) Costs and reasonable attorney's fees pursuant to the FDCPA; and
    d) Such other relief as may be just and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DATED   February 28, 2017   .

          s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff